No. 18-5094
————————————————————————

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
————————————————————————

ANDREW U. D. STRAW,
*Plaintiff-Appellant,*

     *v.*

SUPREME COURT OF THE UNITED STATES,
*Defendant-Appellee.*

————————————————————————

Appeal from the United States District Court
For the District of Columbia
Case No. 1:18-cv-299-DLF
The Honorable Judge Dabney L. Friedrich

————————————————————————

BRIEF OF
*PLAINTIFF-APPELLANT* ANDREW U. D. STRAW
WITH SHORT APPENDIX

————————————————————————

Andrew U. D. Straw, *Proceeding Pro Se*
Telephone: (574) 971-0131
Email: andrew@andrewstraw.com
1900 E. Golf Rd., Suite 950A
Schaumburg, IL 60173

# Certificate of Interest

Appellate Court No.: _____18-5094_____

Short Caption:          Straw v. Supreme Court of the United States

      The undersigned Andrew U. D. Straw, Plaintiff-Appellant, furnishes the following list in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1:

(1)     The full name of every party or amicus the attorney represents in the case:

     Andrew U. D. Straw (*pro se*)

(2)     If such party or amicus is a corporation:

     (i) Its parent corporation: N/A

     (ii) A list of stockholders which are publicly held companies owning 10% or more of the stock in the party or amicus: N/A

     (iii)    N/A

(3)     The names of all law firms whose partners or associates have appeared for the party in the case or are expected to appear for the party in this court:

     Plaintiff-Appellant appears *pro se* and intends to continue to do so for his case.

Pro Se Plaintiff/Appellant's Signature: _____

Pro Se Plaintiff/Appellant's Printed Name: Andrew U. D. Straw

Date: May 7, 2018

s/ Andrew U. D. Straw
1900 E. Golf Road, Suite 950A
Schaumburg, IL 60173
312-985-7333
andrew@andrewstraw.com

# TABLE OF CONTENTS

| | |
|---|---|
| Certificate of Interest | i |
| Table of Contents | ii |
| Table of Authorities | iii |
| Index to the Short Appendix | iii |
| Jurisdictional Statement | 1 |
| Issues for Review | 1 |
| Statement of the Case | 3 |
|     A. Nature of the Case | 3 |
|     B. Course of the Proceedings | 6 |
|     C. Hearings | 6 |
|     D. Motions | 7 |
|     E. Appearances | 7 |
|     F. Trial | 7 |
|     G. Exhibits/Evidence | 7 |
|     H. Disposition Below | 9 |
| Standard of Review & Factual Basis (Serves as Summary of Argument) | 11 |
| Argument | 13 |
| Conclusion | 14 |
| Certification of Truth and Correctness Under Penalty of Perjury | 15 |
| Cir. Rule 30(d) & FRAP Rule 32 Statement, Signed | 16 |
| Proof of Service | 17 |
| Cover of Short Appendix | A1 |
| Index to Short Appendix | A2 |
| Appendix | A3-A22 |

# TABLE OF AUTHORITIES

| | |
|---|---|
| *Bell v. Hood*, 327 U.S. 678 (1946) | 1, 8, 11 |
| *Bivens v. Six Unknown Agents,* 403 U.S. 388 (1971) | 1, 8, 11 |
| *Bowers v. Hardwick*, 478 U.S. 186 (1986). | 8 |
| *Carey v. Piphus*, 435 U.S. 247 (1978) | 8, 11 |
| *Gillenwater v. Harris*, 16-cv-495 (D.D.C. April 12, 2016) | 2, 10 |
| *Lawrence v. Texas*, 539 U.S. 558 (2003) | 8 |
| *Straw v. Indiana Supr. Ct, et. al.*, 17-1338 (7th Cir. 7/6/2017) | 1 |
| *Straw v. U.S. Supreme Court*, 1:18-cv-299 (D.DC) (case below) | |
| U.S. Constitution, Amendment V | 1-4, 8, 10-14 |
| 28 U.S.C. § 1291 | 1, 11 |
| 28 U.S.C. § 1331 | 1 |

## INDEX TO THE SHORT APPENDIX

| SHORT APPENDIX | |
|---|---|
| Cover Page | A1 |
| INDEX TO THE APPENDIX | A2 |
| Opinion and ORDER of Hon. Dabney L. Friedrich dismissing case in district court. | A3 |
| COMPLAINT | A5 |

# I. JURISDICTIONAL STATEMENT

This appeal is taken from the final order of the U.S. District Court for the District of Columbia, **Dkt. 5** below, entered on **March 26, 2018**, (signed **March 22, 2018**), denying respondent's COMPLAINT in a 5th Amendment case for damages and declaratory judgment and injunction relief based on review of an unconstitutional law that is disrupting the services of the U.S. Supreme Court for about 99% of the petitioners to that Court. I had no hearing and the United States was not served by the U.S. Marshal as I asked. The United States Court of Appeals has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1291. The District Court had jurisdiction under 28 U.S.C. 1331 because this was a federal law matter under the Fifth Amendment due process clause and jurisdiction is established in such cases under *Bell v. Hood*, 327 U.S. 678 (1946) as well as *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). The Notice of Appeal was timely filed by the plaintiff at **Dkt. 7** on April 2, 2018.

# II. ISSUES FOR REVIEW

The ORDER below was only two pages long and the issues presented are similarly narrow.

**FIRST**, whether the Court below has jurisdiction to decide the constitutionality of the Judiciary Act of 1925 under authority of *Marbury v. Madison*, as well as FRCP 57 and 28 U.S.C. § 2201, or if the *Gillenwater v. Harris* case cited by the Court below overturns the *Marbury* precedent that federal courts can invalidate unconstitutional acts of Congress such as the Act I challenge.

**SECOND**, if removing an unconstitutional statute that the U.S. Supreme Court uses regularly in deciding certiorari in fact forces the U.S. Supreme Court as a matter of law to go back to the way certiorari decisions were done prior to the Judiciary Act of 1925; and so, if the Court below (or this Court) can in effect force the court above to stop rejecting 99% of all petitions by finding the Judiciary Act unconstitutional, and **unconstitutional since 1925**.

**THIRD**, whether *Gillenwater* is distinguishable since that plaintiff was attempting to force the U.S. Supreme Court to accept his untimely petition when my petitions have all been timely under the current U.S. Supreme Court rules, and the issue is not getting special treatment as that plaintiff wanted, but **fair treatment under the 5th Amendment**.

**FOURTH**, whether the Bill of Rights and in particular the Fifth Amendment amended Article III of the U.S. Constitution and forces judges to provide more justice (such as due process and fair tribunals) than Article III alone requires.

**FIFTH**, whether the ORDER improperly dismissed my case when more was at issue than injunction relief and declaratory relief, namely my demand for compensation. This demand was not addressed at all and if a defendant ignored part of a complaint, FRCP 8(b)(6) would then apply and default would be available on that issue. However, the Court below did not serve the defendant, but merely dismissed as though granting its own motion to dismiss without briefing.

**SIXTH**, whether the U.S. Supreme Court may be sued as the "United States" for Fifth Amendment substantive and procedural due process violations even though its justices may not be sued.

## STATEMENT OF THE CASE:
## A. NATURE OF THE CASE

This is an action brought principally under the Fifth Amendment to the U.S. Constitution because Congress passed a law in 1925 to restrict the number of cases decided by the U.S. Supreme Court.

I incorporate by reference my docketing statement at **Dkt. 7-1** in the case below.  The reason I am pursuing this matter is because the courts of the Midwest, state and federal, have discriminated against me as a disabled lawyer and caused a massive amount of damage.  Every time I appealed to get justice to the U.S. Supreme Court (now up to 12 petitions), the answer was no.

Asking for justice should not be a roulette wheel spin.  One should always get review unless there is a legitimate and overwhelming reason not to.  In other words, it should be 99% reviewed and only 1% not reviewed.  If this costs money, that's what Congress is there for.  If it takes more staff and even more justices to handle so many cases, Congress can pay for it and the president can appoint more justices.

None of this has anything to do with me because I was not around in 1925 to object to President and Chief Justice Taft, who wanted this elitist and exclusive system for granting certiorari to citizens. He was arguably the most privileged politician in U.S. history and Fifth Amendment due process was not on his mind whatsoever when he wrote and suggested this legislation. Cutting off 99% of the petitions means MANY, MANY righteous cases will be rejected every year.

I have been dealing with lower courts in the Midwest that are dishonest. I don't say that lightly. The 7th Circuit hired my appellee with my case against him still open last year.[1] My presiding trial judge was on the 7th Circuit Council that hired him. It was an unreal and unpleasant experience to be so disfavored after he was hired by my judges over my case against him. This was a hearing officer from Indiana, James R. Ahler, who committed dishonesty in a hearing officer report to ensure that I would be suspended indefinitely in my law license for doing ADA work as an ADA attorney. The only Court to give me a hearing was the Virginia State Bar and that body stated in its

[1] www.ca7.uscourts.gov/news/positions/2017_appt_Judge_Ahler.pdf
*Straw v. Indiana Supreme Court, et. al.*, 17-1338 (7th Cir. 7/6/2017) (Ahler appellee)
**James R. Ahler** started work as a federal judge just 3 weeks earlier: 6/15/2017.

ORDER that Indiana's discipline using its ADA Coordinator against me, "had all the grace and charm of a drive-by shooting." http://www.vsb.org/docs/Straw-062217.pdf     It was especially bad because I have been experiencing discrimination from the Indiana Supreme Court ever since I was working for that Court and a reckless driver in 2001 broke both my legs and my pelvis on the way to the Indiana Supreme Court to work.  These are permanent disabilities.

If Indiana had treated me as a human being instead of trash to kick around, this lawsuit would not exist.  I have lost **5 law licenses** in the Midwest to this nonsense, and the **ABA terminated my membership**.  This Indiana mess has prevented me from representing my poisoned and disabled and killed family members in the Camp LeJeune case.  *Straw v. United States*, 16-17573-GG (11th Cir.).

I have very little concern for the feelings of the U.S. Supreme Court or its justices.  It denied two petitions on my birthday this year, one concerning the poisoning case and **the death of my mother** and the injuries to my daughter that left her with **severe scoliosis needing open-spine surgery**.  No court could cause me more injury than this, not even unlawfully inflicting capital punishment on me.  The disrespect to my

family and its U.S. Marine Corps sacrifices is staggering on its own, but unbelievable to be done on **my birthday**. I was born at Camp LeJeune. It made me sick when I thought of the years of suffering my mother went through with her cancer to have the federal courts act this way.

So, I have 12 petitions before the U.S. Supreme Court and that Judiciary Act of 1925 caused the Supreme Court not to hear them and give me decisions. I sue here for justice.

### III. STATEMENT OF THE CASE:
### B. COURSE OF THE PROCEEDINGS

This case was initiated on February 9, 2018. **Dkt. 1**. It was dismissed on March 26, 2018 with a single 2-page ORDER. **(A3-A4)**. No service on the defendant was done despite the fact that FRCP Rule 4 requires it when *IFP* is granted, and I requested service by the Marshal. Please note that 28 U.S.C. § 1915(e) provides that an *IFP* case has been screened by the Court and is not frivolous, not malicious, and not against an immune defendant. These must all be considered as ORDERED and FOUND and I do not challenge those findings.

### STATEMENT OF THE CASE: C. HEARINGS

I was given no hearing.

## STATEMENT OF THE CASE: D. MOTIONS

The only motion I made in the Court below that was granted was *IFP* status, both for the trial case and the appeal. My motion for U.S. Marshal service was denied. My motion for preliminary injunction was denied 10 days after the case was dismissed. **Dkt. 10**.

## STATEMENT OF THE CASE: E. APPEARANCES

I appeared on my own behalf below and for purposes of this appeal.

## IV.   STATEMENT OF THE CASE: F. TRIAL

There was no trial. This case was determined without any motion to dismiss briefing but was dismissed before the defendant was even served. I was offered no discovery, no hearing, and was not invited to amend my complaint to remove the reasons for dismissing.

## V. STATEMENT OF THE CASE: G. EXHIBITS/EVIDENCE

The main evidence to justify damages consists of the denials of my petitions for writs of certiorari. These artifacts show how the Judiciary Act of 1925 causes injury to me. When courts discriminate and cause a disabled lawyer massive injury over the course of years, with poverty and pain the result and another state criticizing it as "as drive-by shooting," the Supreme Court should have put my cases at the top of

the list.  If every case with only a few exceptions were heard and decided each year, my issues would have been resolved by now.

The statute is the fault of Congress and I sue the United States in the form of the U.S. Supreme Court for using that unconstitutional law, just as if any other agency of the United States used an invalid law to hurt me.  Why should I accept being hurt and having no recourse under the Constitution?  I do not.  That's why this case is here.

And even if a law has been on the books for a long time, it can still be challenged as unconstitutional.  Just like the opinion in *Lawrence v. Texas*, 539 U.S. 558 (2003), which absolutely obliterated *Bowers v. Hardwick,* 478 U.S. 186 (1986).  That is what should happen here, and my damages granted in full for the injuries done to me with all other relief available provided.  I am asking for money for the injuries and money for 5th Amendment violations is available under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), and *Bell v. Hood*, 327 U.S. 678 (1946), and *Carey v. Piphus*, 435 U.S. 247 (1978).

The judicial branch has an even greater responsibility to protect the civil rights and constitutional rights of citizens than the other branches because the judicial branch can withhold rights.  That

illegitimate power to withhold **rights that are due** and refuse justice with no recourse is a true violation of natural law as well as our Constitution.  *See*, Magna Carta of 1215.  It has happened to me enough.  I say *enough*.

## STATEMENT OF THE CASE: H. DISPOSITION BELOW

The Court below dismissed my case in a 2-page ORDER at **Dkt. 6** and also in the appendix at **A3-A4**.  My complaint is also in the appendix starting at **A5**.  The Court stated that the decision to grant or deny certiorari is wholly within the Supreme Court's discretion, but this is not true.  The Judiciary Act of 1925 put in place this system and the Supreme Court simply accepted it in 1925 because the Chief Justice of the United States and a couple other justices **wrote the bill**.  That alone shows a disrespect for Congress and a violation of separation of powers. The Supreme Court does not get to come over to Congress or the president and demand that they make legislation to change the constitutional framework.  This is a perfect opportunity to reject such violations of the separation of powers.  Certainly, the president would not be welcome to come over to the Supreme Court and dictate decisions concerning the executive branch to allow unconstitutional regulations.

The Court below also stated that there was a lack of jurisdiction because of the *Gillenwater* case, when that case has very little to do with my own. That plaintiff filed a petition with the U.S. Supreme Court that was **untimely** and then tried to have the rules found unconstitutional. This is absolutely not what I have done. I am challenging the Judiciary Act of 1925, which is the foundational legislation for the current method of granting or denying certiorari. The Supreme Court simply uses this legislation, but that Act is not mandated by Article III of the Constitution and certainly not the Fifth Amendment due to the many sources of bias and abuse that come into play when only 1% of all petitions are accepted. Simply consider that hiring a law firm chock full of clerks from the Supreme Court for your petition to the Supreme Court dramatically increases your chances of getting selected.

This is not the original system and the Court below should not be defending that Act indirectly but should hold a trial to determine if that Act is unconstitutional or not, or as applied on the facts educed by a proper process, which I have not had here.

The Court also stated on page 2 of its ORDER (**A4**) that it cannot force the Supreme Court justices to do anything, but it certainly can. It can hold a criminal hearing if a justice violates a federal criminal law. Why should the 5th Amendment be any different? Just because it benefits me? *Sibley* does not apply because I am not suing any of the individual justices. I ask something fundamental here: look at the caption. I am suing the **United States** in the form of its agency, the Supreme Court of the **United States**.

I am asking for several different types of relief and if any single one is not possible, it should be severable, and the rest should be allowed. If monetary damages (*Bivens*, *Bell*, *Carey*) and declaratory relief (*Marbury v. Madison*) are available, but an injunction is not, this Court can remand to provide the relief that **is available**.

## STANDARD OF REVIEW & FACTUAL BASIS

I bring this appeal pursuant to 28 U.S.C. §1291 because the ORDER was a final decision in the case. This appeal raises questions of law and fact that were evaluated as a matter of law by the Court below in its "screening." The standard of review for all questions presented is *de novo* review.

The main issues relevant to this appeal concern whether I have the right to challenge a federal statute, the Judiciary Act of 1925. Whether I can get immediate relief when that Act is found unconstitutional or if I must simply make motions in each of my denied U.S. Supreme Court cases to ask the Supreme Court to reconsider directly when the 1925 law is found to be invalid and that was the grounds for my denials. If this is the method needed to get "injunction" type relief, I will do that. But I also ask compensation as described in my complaint and a *Marbury v. Madison* style declaration on the constitutionality of the 1925 law under the 5th Amendment due process clause because it is fundamentally unfair and creates many dark crevices of favoritism in the process of certiorari. The 1925 law also generates massive amounts of inconsistency across the lower courts, so much so that 7th Circuit retired judge Richard Posner has said on 9/11/2017 in the New York Times that it is easy to ignore U.S. Supreme Court decisions and the Constitution itself. If every person could get a decision, a judge like Posner could not say that because his arbitrary methods would be under a national limelight. I am certain many lower court judges believe they are the final word and they are surprised

when the U.S. Supreme Court acts. National consistency in constitutional law and federal law are just as important as the separation of powers problem created by the 1925 law. These reasons are beyond my own personal interest in having the law invalidated and getting relief, but the Court here should consider those reasons.

## VI.   ARGUMENT

I experienced a tidal wave of discrimination in the Midwest that the VSB called a "drive-by shooting." I have been fighting it and the cases have risen to the U.S. Supreme Court, but due to a law passed in 1925, every single one of my petitions, most on *IFP* status, were DENIED. I want to know if the 1925 law is unconstitutional or not, because I truly feel my right to a decision was denied in a manner that protects corruption in the Midwest courts. And if on a *Marbury* analysis this 1925 law is found invalid as a declaratory matter under FRCP 57 and 28 U.S.C. § 2201, its effects should stop. I am not suing any individual justice. I am suing the United States because of what its agency is doing. That means **damages both compensatory and punitive** are available under the 5th Amendment, as I stated above. I rely on the 5th Amendment for my justice and the cases that have provided

damages for violations of that amendment. I ask under that 5th Amendment for the judicial system to return to a fairer system under Article III that existed prior to 1925.

I reject that a lower court cannot decide a constitutional matter that forces a higher court to change its practices. However, if an injunction on the U.S. Supreme Court is not available, I at least ask for the declaratory judgment and the monetary damages that flow from the injuries to me from the 1925 Act. I will make my motions to the U.S. Supreme Court itself once the 1925 Act is found to be invalid, so an injunction is not the be-all and end-all of my lawsuit. Evaluating the 1925 law is the core.

## CONCLUSION

For the reasons given above, the ORDER below should either be vacated in its entirety or vacated in part such that I may seek declaratory judgment on the Act at issue and compensation.

I, *Appellant* Andrew U. D. Straw, verify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the above statements and factual representations are true and correct under penalty of perjury.

Respectfully submitted,

s/ ANDREW U. D. STRAW

1900 E. Golf Rd., Suite 950A
Schaumburg, IL 60173
Telephone: (312) 985-7333   Fax: (877) 310-9097
andrew@andrewstraw.com

**May 7, 2018**

# CIRCUIT RULE 30(d) STATEMENT

Pursuant to Circuit Rule 30(d), counsel certifies that all material required by Circuit Rule 30(a) and (b) are included in the appendix.

Dated: **May 7, 2018**

Respectfully,

Andrew U. D. Straw
*Plaintiff-Appellant*

Andrew U. D. Straw
1900 E. Golf Rd., Suite 950A
Schaumburg, IL 60173
(574) 971-0131
andrew@andrewstraw.com

# RULE 32 STATEMENT

Since this brief, excluding certificates and non-countable portions, is less than 30 pages (being only **14 pages**), I make no other statement on the length of this brief.

Dated: **May 7, 2018**
Respectfully,

Andrew U. D. Straw
*Plaintiff-Appellant*

# PROOF OF SERVICE

The undersigned, *Plaintiff-Appellant*, Andrew U. D. Straw, hereby certifies that on **May 7, 2018**, an electronic PDF of this 14-page BRIEF, plus certificates and appendix, etc., was filed with the Court's CM/ECF system and the required 4 blue-cover paper copies will follow when complete and the Clerk directs me to do so after verifying the Brief is OK, via U.S. Mail with tracking. Appendix is attached below. The CM/ECF system will provide a copy of this filing to all attorneys of record and will be permanently available on [www.Pacer.gov](www.Pacer.gov).

Please note that the Court below refused to serve my summons and complaint. It should have been done because my *IFP* status was granted and I made the appropriate motion under FRCP Rule 4(c)(3).

Dated: **May 7, 2018**

Respectfully,

Andrew U. D. Straw
*Plaintiff-Appellant*
Andrew U. D. Straw
1900 E. Golf Rd., Suite 950A
Schaumburg, IL 60173
(574) 971-0131
andrew@andrewstraw.com

No. 18-5094

———————————————————————

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————————————————

ANDREW U. D. STRAW,
*Plaintiff-Appellant,*

    *v.*

SUPREME COURT OF THE UNITED STATES,
*Defendant-Appellee.*

———————————————————————

Appeal from the United States District Court
For the District of Columbia
Case No. 1:18-cv-299-DLF
The Honorable Judge Dabney L. Friedrich

———————————————————————

SHORT APPENDIX TO ACCOMPANY APPELLANT'S BRIEF

———————————————————————

Andrew U. D. Straw, *Proceeding Pro Se*
Telephone: (574) 971-0131
Email: andrew@andrewstraw.com
1900 E. Golf Rd., Suite 950A
Schaumburg, IL 60173

| INDEX TO SHORT APPENDIX | | |
|---|---|---|
| Cover Page | | A1 |
| INDEX TO THE SHORT APPENDIX | | A2 |
| Opinion and ORDER of Hon. Dabney L. Friedrich dismissing case in district court. | A | A3 |
| COMPLAINT | | A5 |

**FILED**

MAR 2 6 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ANDREW U.D. STRAW, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.  18-0299 (UNA) |
| SUPREME COURT OF THE UNITED STATES, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Generally, the plaintiff alleges that the Supreme Court of the United States has violated rights protected by the Fifth Amendment to the United States Constitution by "refusing to grant certiorari multiple times." Compl. ¶ 57.  He demands a declaratory judgment that the Judiciary Act of 1925 is unconstitutional, *id.* ¶ 61, insofar as the "certiorari system . . . allows the U.S. Supreme Court to reject almost all petitions for certiorari, *id.* ¶ 49, including the petitions plaintiff has filed, *see id.* ¶ 52.  The plaintiff also demands $20 million in compensatory damages plus punitive damages.  *Id.* ¶ 60.

The decision to grant or deny a petition for a writ of certiorari is within the Supreme Court's discretion, and the plaintiff's attempt to circumvent this discretionary process is not a claim over which this Court has subject matter jurisdiction.  *See Gillenwater v. Harris*, No. 16-CV-495, 2016 WL 8285811, at *1 (D.D.C. Apr. 12, 2016) (dismissing case for lack of jurisdiction where plaintiff sought "a declaratory judg[]ment that a statute and rule governing filings in the Supreme Court [were] unconstitutional"), *aff'd*, No. 16-5107, 2016 WL 6915556 (D.C. Cir. Oct. 5, 2016), *cert. denied*, __U.S. __, 137 S. Ct. 1346 (2017).  Furthermore, "[t]his

A3

court is not a reviewing court and cannot compel Supreme Court justices or other Article

III judges in this or other districts or circuits to act." *Sibley v. U.S. Supreme Court*, 786 F. Supp.

2d 338, 345 (D.D.C. 2011), *aff'd*, No. 11-5164, 2011 WL 4376121 (D.C. Cir. 2011) (per

curiam); *see Panko v. Kodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081

(1980) ("It seems axiomatic that a lower court may not order the judges or officers of a higher

court to take an action.").

The Court will grant the plaintiff's application to proceed *in forma pauperis* and will

dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.

DATE: 3/22/18

United States District Judge

A4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW U. D. STRAW,    )
    *Plaintiff,*    )
v.    )
SUPREME COURT    )
OF THE UNITED STATES,    )
    *Defendant.*    )
    )

Case: 1:18-cv-00299   **JURY**
Assigned To : Unassigned
Assign. Date : 2/9/2018
Description: Pro Se Gen. Civil

Jury Trial Demanded

## COMPLAINT

I, *plaintiff* Andrew U. D. Straw, for my Complaint against the defendant herein, complain that the Supreme Court of the United States has damaged me with procedural due process violations on a number of occasions, namely by ***not making a decision*** in 4 different cases, and because I now have another 2 cases pending decision on certiorari, I **complain**:

## PERSONAL FACTS

1.    I am an attorney, Active in Good Standing, licensed in the Commonwealth of Virginia, Bar# 43651, currently in Active in Good Standing Status.

2.    I am also licensed to practice law before the U.S. Court of Appeals for the Fourth Circuit.

3.    My residence is in Kane County, Illinois. I am an Illinois registered voter and my residence is 120 S. State Street, #307, Elgin, IL 60123. My

1

JAN 3 0 2018

A5

registered agent and official office mailing address is located at 1900 E. Golf Rd., Suite 950A, Schaumburg, IL 60173.

4.     I have engaged in reform efforts to protect disability access, and the federal government found me "qualified" to be the General Counsel of the U.S. Access Board in 2014.  My CV shows the extent of my disability rights advocacy and I incorporate it by reference: www.andrewstraw.com I do update my CV from time to time.

## DISABILITIES

5.     I have severe physical and mental disabilities from public service. I hereby incorporate by reference the following documents from *Straw v. Village of Streamwood, et. al.*, 3:16-cv-50387 (N.D. Ill.): my affidavit regarding disabilities, Exhibit 4 in that case, and all evidence thereof mentioned in that affidavit, Exhibits 5-10.

6.     I have been adjudicated as disabled by Illinois Court of Appeals, which recognized that I am a disability rights public figure.  *Straw v. Chamber*, 2015 IL App (1st) 143094-U (at *2).

7.     Further, the U.S. Department of Education forgave my $52,000 student loan due to my being on SSDI with severe disabilities.  This disability forgiveness was finalized on or about September of 2017.

8.     I am a disability rights political figure because I founded "Disability Party" on 2/5/2013 and it now has thousands of followers in the U.S.A. and abroad.

9.     I have sued the City of South Bend in Indiana and sought the assistance of the Federal Highway Administration's Office of Civil Rights in 2015. *Straw v. City of South Bend, et. al.*, 3:16-cv-342-JED-MGG (N.D. Ind.).

10.    FHWA said that blocking accessible features with snow is prohibited under the ADA, Title II. (Exhibit 16, *Straw v. Streamwood*). I settled with South Bend about one year ago.

11.    The Indiana Supreme Court has discriminated against me for the past 17 years for the reasons I gave in *Straw v. Indiana Supreme Court, et. al.*, 1:16-cv-3483-SEB-TAB (S.D. Ind.). While this federal lawsuit was pending, the Indiana Supreme Court used its hearing officer's report to impose discipline on me, 180 days without reinstatement. This began on 2/14/2017, but has not abated. I asked the Indiana Supreme Court to release me from having an Indiana law license, but this was ignored, even when I invoked the First Amendment right not to associate with people

3

A7

who would violate by disability rights or my rights to use the ADA without harassment and retaliation.

12.    The federal district court refused to review the Indiana discipline as ADA violations, even though the entire matter began with *MY* ADA complaint that resulted in the Indiana Supreme Court ADA Coordinator retaliating with a disciplinary complaint just days later.

13.    This ADA Coordinator, Brenda F. Rodeheffer, attacked my mental disability, calling me "incompetent," even though no ADA Coordinator has the power or right to attack a disabled lawyer who has just made a complaint (*Straw v. Indiana Supreme Court*, **Dkt. 1-11**) to her, using that complaint against the disabled lawyer.   (*Straw v. Indiana Supreme Court*, **Dkt. 1-13**)

14.    After Indiana imposed its discriminatory discipline, no federal court would review it, neither at the district court, circuit court, nor the U.S. Supreme Court, which *denied certiorari* both for my direct appeal and my appeal through the lower courts.

15.    On appeal, this so-called discipline case was before the 7th Circuit. *Straw v. Indiana Supreme Court*, 17-1338 (7th Cir., 7/6/2017).

4

A8

16.    Oddly enough, the case was dismissed on *res judicata* grounds when the discipline itself I was trying to stop ended **during the pending case below**.  The case below ended on 2/16/2017, just two days after Indiana imposed its discipline on 2/14/2017 and one day after I asked for a declaratory judgment (2/15/2017) that Indiana's discipline was discriminatory under the ADA.

17.    I felt I had the right to an ADA declaration since Indiana judged its own ADA violations and found itself pure.  This is an ethical violation and due process violation because of ***nemo judex in causa sua***.  Indiana may not judge itself, and it certainly has no power to excuse its own ADA violations, as it did.  *In Re Straw*, 68 N.E.3d 1070 (Ind. 2017).

18.    The hearing officer in that case, James R. Ahler, was seeking a position on the Indiana Supreme Court while **he was presiding over my discipline and this showed his bias** and reason for being unfair and refusing every motion I made in my defense.  State supreme court justices act like birds, flocking together and rarely deviating from the others.  If Ahler wanted to be appointed to the Indiana Supreme Court and I had made an ADA complaint about that Court, there was only one possible outcome.  I was going to lose, no matter what.

19.    I explained this to the Virginia State Bar in 2017 and the VSB

agreed with me, saying Indiana's use of its ADA Coordinator to retaliate

**"had   all   the   grace   and   charm   of   a   drive-by   shooting."**

www.vsb.org/docs/Straw-062217.pdf

20.    Indiana sought the maximum negative impact from its "drive-by

shooting" and successfully achieved getting 4 U.S. District Courts to

suspend my licenses with **no hearing** in each case. *Straw v. U.S. District

Court*, 17-2523 (7th Cir.); *Straw v. U.S. District Court*, 17-3550 (7th Cir.);

*Straw v. U.S. District Court*, 18-1117 (7th Cir.); *Straw v. U.S. District

Court*, 18-1118 (7th Cir.). *In Re Straw*, 1:17-mc-0005-TLS (N.D. Ind.).

21.    Chief Judge Diane Wood of the 7th Circuit has made no effort to

protect me from Indiana's civil rights violence, but she freely quotes

Indiana's attack on me as if it were valid. And she does this after she

**HIRED my appellee**, the Indiana hearing officer, giving him a job worth

$2.6 million. Wood is ***obviously biased*** if she is giving James R. Ahler

such wealth and privilege directly from the Court. I am not that stupid.

I can tell when someone is favored over me.

22.    Indiana also inflicted administrative actions and damages to give

full flower to its injury to me. *Straw v. Indiana Supreme Court*, 17-3596

6

A10

(7th Cir.). Indiana also went after my First Amendment rights. *Straw v. Indiana Attorney General, et. al.*, 17-3357 (7th Cir.). I have decided to challenge the Indiana Constitution as being in violation of the ADA, especially as given life in the Indiana Supreme Court rules. *Straw v. Indiana*, 1:17-cv-4158-WTL (S.D. Ind.)

23.   The ABA also terminated my membership because Indiana asked the ABA to do so. *Straw v. ABA*, 1:17-cv-5714-RPP (N.D. Ill.); *Straw v. ABA*, 17-P-25 (Chic. Hum. Rel. Comm.). This despite my being featured and honored by the ABA in 2014 as a disability rights leader. https://www.americanbar.org/groups/disabilityrights/initiatives_awards/spotlight/straw_a.html

24.   The Northern District of Illinois stripped me of the right to make any new complaint for a year without even providing me with a notice, a hearing, or any chance to defend my rights. *In Re Straw*, 1:17-cv-7500 (N.D. Ill.); *Straw v. U.S. District Court Executive Committee*, 18-1118, 18-1117 (7th Cir.). I was not even allowed to know who the star-chamber "Executive Committee" members were, but I had to put up with their *fiat* orders for months with no chance to defend myself.

25.   All four district courts stripped me of the ability to make filings online through CM/ECF, and this created an unnecessary burden that my wealthy defendants did not have.  I live in poverty.  Postage costs money.

26.   The Western District of Wisconsin gave me no hearing, no notice that I was being disciplined, no chance to defend myself (my filings were ignored and not filed), and when I was suspended, I also received no notice.  *Straw v. U.S. District Court*, 17-3550 (7th Cir.).

27.   Due process is truly rare in the 7th Circuit and the Court of Appeals is allowing the lower courts to act this way.  The Supreme Court of the United States has ***looked the other way*** every time I have brought some aspect of these injustices to the highest court in the land.

28.   While the worst that can be said of what I did was that I am a disabled person from public service who **tried to use the ADA to expand disability rights**, with some federal judges complaining but not sanctioning me, others who opposed me are much worse.

29.   For instance, not only did **James R. Ahler** try to get on the Indiana Supreme Court while presiding dishonestly over my case; when I sued him, on appeal, **he sought a bankruptcy judge position under the 7th**

8

A12

**Circuit**. He also conveniently **omitted** from his hearing officer report that I broke my legs and pelvis for the Indiana courts and chief justice (for whom I worked) and the fact that the ADA Coordinator initiated the investigation in retaliation for my own complaint.

30.   Ahler was **hired for that bankruptcy judge position while he was still my appellee** and this appeared on the front page of the 7th Circuit website for months.   www.innb.uscourts.gov/pdfs/Judge_Ahler_PR.pdf

31.   **I am suing the 7th Circuit for the extreme bias that can only be seen as a procedural due process violation.** *Straw v. U.S. Court of Appeals for the Seventh Circuit*, 2:18-cv-00028 (N.D. Ind.)

32.   This hiring my appellee was a blatant declaration to the entire nation and world that I am disfavored and even my appellees, ADA violators like Ahler, can get hired by the Court of Appeals while I have an appeal against them.

33.   Bias and favoritism are **due process** violations.   It continues unabated in the Seventh Circuit because these judges know that the chances of review of their misdeeds by the U.S. Supreme Court is **incredibly low** for a poor person like me using *IFP* status. They don't fear consequences because the chance of accountability is so very low indeed.

34.   One of my panel members, Michael Kanne, ***first voted against me*** and then recused.

35.   The judge over my disciplinary case in the Southern District of Indiana, Judge Tanya Walton-Pratt, also **first took action against me** and then recused because she was involved in Indiana Supreme Court committees. *I* had to reveal it. She would not recuse on her own, but felt her bias was just dandy until it was no longer secret.

36.   Michael Kanne was conflicted and he admitted it by recusing, but what good is a recusal ***AFTER*** a biased vote on a panel?

37.   Indeed, the Judicial Council hired Ahler and every judge on the Judicial Council then had an obligation not to vote against me or otherwise favor my appellees or pressure any other judge to vote against me. I don't trust ***any judge*** on the 7th Circuit because they **all hired Ahler**.

38.   The bias in favor of the Indiana Supreme Court is now established. It is a fact that cannot be avoided. Yet, Diane Wood wrote another opinion supporting what Indiana did, justifying it. *Straw v. U.S. District Court*, 17-2523 (7th Cir.)(seeking certiorari at 17-7499).

39.   That Wood opinion was seething with Indiana discipline discussion when no federal court has adjudicated the matter or given me a proper hearing.  Certainly, Wood has allowed no proper hearing to happen.

40.   Why does Wood think she can support Indiana's discipline after *hiring Ahler* the Indiana hearing officer herself?  She hired my corrupt Indiana hearing officer who tried to get on the Indiana Supreme Court, then successfully got the 7th Circuit to hire him when I was suing him.

41.   Wood is conflicted and I keep asking her to recuse, but she keeps on insisting that she can add more injury to me.  *Straw v. Streamwood*, 17-1867 (7th Cir.).  She defends her own ethical violations and accuses me of making frivolous complaints when this her accusations are not done in good faith.  Wood cut off my ability to make 7th Circuit filings in cases when I asked her to recuse.  This is called retaliation.  She is trying to suppress my civil rights by inflicting more damage on me.

42.   Wood should be punished severely and stripped of her office.

43.   James R. Ahler clerked for the judge who Diane Wood replaced on the 7th Circuit bench: **Hon. William Bauer**.

44.   Ahler Clerked for one of my panel members in my appeal against Ahler, **Hon. Michael Kanne**.

11

A15

45.     Anyone can see why there is conflict.

46.     Wood's actions and Kanne's actions in favor of Indiana and Ahler and ***against me*** are like a thick syrup of dishonesty and it needs to be cleaned off the 7th Circuit.  The 7th Circuit has corrupt judges influencing their colleagues to harm me in every instance.

47.     With the U.S. Supreme Court constantly looking the other way with its certiorari discretion, the highest court takes on **responsibility** for the dishonesty and civil rights violations happening in the Seventh Circuit.

### U.S. SUPREME COURT DUE PROCESS VIOLATIONS

48.     The backdrop above of disability discrimination against me and constitutional violations explains why I have the 6 cases I do in the U.S. Supreme Court system.  All of them have something to do with my trying to use the ADA and getting a severe backlash from state and federal courts in the 7th Circuit geographic area primarily.

49.     I focus my 5th Amendment due process challenge on the statute and rule basis for the certiorari system that allows the U.S. Supreme Court to reject almost all petitions for certiorari.  This system was established in 1925 with an improvident and unconstitutional Act of Congress.

50.    The practical outcome of this system is that certain special law firms have a much better chance of getting a case reviewed with an actual decision, and that is related to those firms hiring the clerks from the Court. This shows favoritism on its face.

51.    The fact that well over 90% of all petitions will be rejected for certiorari purposes is bad enough. If a person files a petition for certiorari *in forma pauperis*, as I have done, the chance of being taken up by the Court is practically nil.

52.    This is not fair. For the Court to reject that many petitions and favor certain law firms shows that the chances are not equal for everyone who asks the U.S. Supreme Court for justice. I asked multiple times and never got heard when ***I should have been heard***. The lower courts have singled me out for abuse and maltreatment and they try to hide their misdeeds using non-precedential status, which just means that the damage is focused on me and me alone.

53.    This is being attainted, the way I cannot get justice. The U.S. Supreme Court should have decided each of my cases. This cannot happen with the Judiciary Act of 1925, 43 Stat. 936.

54.    Giving the Court discretion is equivalent to giving the Court permission to discriminate or act with bias toward certain groups, such as disabled people.  The only way to prevent bias invading the certiorari system is to enforce the Fifth Amendment's due process clause in such a way that the Judiciary Act of 1925 is unconstitutional, which I believe it is.  Until 1925, nobody thought the highest court could reject over 90% of all petitions.   James Madison did not believe this.   Such a radical restructuring of Article III duties and powers should have taken place with an amendment.  In the absence of an amendment, the Court should have continued taking all cases on appeal.

55.    Justices earlier in our Republic accepted that the Supreme Court has a duty to decide every case that comes to it.  The answer to the docket being full is not to reduce justice, but to **increase the size of the Court**.  If the Court became overloaded deciding every case, it could ask Congress to create more justice positions, pay for more technology and staff, and the issue could be resolved by **increasing justice**.  Doing this would have ensured that my cases were heard, not dismissed out of hand for who knows what reason.  My experience is that discretion breeds bias.

56.    The failure to hear my cases must now be compensated under **procedural due process**, *Bivens* and *Carey v. Piphus*.

## LEGAL ARGUMENT FOR STANDING AND FAIRNESS AND AGAINST BIAS

57.    I have standing because I was injured by the Supreme Court refusing to grant certiorari multiple times when the 5th Amendment's due process clause requirement of process was ignored, as the Court has unconstitutionally done certiorari this way for the past 93 years. It's time to get back to the original Fifth Amendment and abandon a Judiciary Act of 1925 that overthrew the Fifth Amendment.

## COUNT I: 5TH AMENDMENT PROCEDURAL DUE PROCESS VIOLATIONS

58.    This *Bivens* case is about my procedural due process rights being violated by the U.S. Supreme Court rejecting certiorari when it should have decided my cases. *See also, Carey v. Piphus*, 435 U.S. 247 (1978). The nightmare of due process violations, disability discrimination, bias and favoritism in the circuit and district courts cannot be addressed until the U.S. Supreme Court starts doing its full duty under Article III instead of only doing 5% of its duty or less.

15

A19

59.   Americans expect the courts to uphold the Constitution and I certainly do.  If something is important enough to take all the way to the top, one should have a hearing and a decision, not a 1 in 20 dart game with eyes blindfolded by an unconstitutional Act from 1925.

## REQUEST FOR RELIEF

60.   I request **$20,000,000** in compensatory damages because this was the damages amount combined in *Straw v. Indiana Supreme Court, et. al.*, 17-6812, ___ U.S. ___ (cert. denied 1/8/2018) and *Straw v. Kloecker*, 14-702, ___U.S.___ (cert. denied 1/20/2015). I also seek punitive damages at a level that a court and jury deem appropriate after such a long period of suppression of the Fifth Amendment right to have a case heard and decided, not ignored.  Article III of the Constitution gives the power to decide cases to the federal courts, but it does not provide for any discretion in whether to hear cases that are properly before it.  Congress cannot create such discretion without changing the U.S. Constitution itself.

61.   I seek declaratory judgment under 28 U.S.C. § 2201 and FRCP 57 that the Judiciary Act of 1925 is unconstitutional to the extent it created

a discretionary certiorari system that created different levels of access to the nation's highest court.

62.   Finally, I would ask for any other relief this Court and a jury may deem appropriate to achieve justice.

## JURISDICTION AND VENUE

63.   This Court has jurisdiction over this action under 28 U.S.C. § 1331, as it is a federal question action based on the 5th Amendment and procedural due process under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) and *Carey v. Piphus*, 435 U.S. 247 (1978).

64.   Venue properly lies in the District of Columbia under 28 U.S.C. §1391(b), as a substantial part of the events giving rise to this action occurred within this district.

I, Attorney Andrew U. D. Straw, certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the above statements and factual representations are true and correct under penalty of perjury. **Dated: January 25, 2018**

Respectfully submitted,

s/ ANDREW U. D. STRAW

1900 E. Golf Rd., Suite 950A
Schaumburg, IL 60173
Telephone: (312) 985-7333   Fax: (877) 310-9097
andrew@andrewstraw.com

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that I filed the above COMPLAINT and
CIVIL COVER SHEET and SUMMONS FORM and IFP MOTION with
AFFIDAVIT/APPLICATION and MOTION FOR MARSHAL SERVICE
and USM 285 FORM with the Clerk of this Court via U.S. Mail, First
Class and Postage Prepaid, on January 25, 2018, and these will be
scanned served on all attorneys of record as well as permanently
available through Pacer.gov.

Respectfully submitted,
s/ ANDREW U. D. STRAW
1900 E. Golf Rd., Suite 950A
Schaumburg, IL 60173
Telephone: (574) 971-0131
Fax: (877) 310-9097
andrew@andrewstraw.com
*Plaintiff,* Proceeding *Pro Se*

January 25, 2018